# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-279 RLW |
| CINDY GRIFFITH, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $21, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff is incarcerated at Potosi Correctional Center ("PCC"). He alleges that defendants gave him an unjust conduct violation, placed him in administrative segregation, denied his grievances, and forced him to share a cell with his declared enemy, which led to an attack on his person.

## Discussion

The complaint does not state whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, plaintiff's claim that he was unjustly given a conduct violation and placed in administrative segregation is frivolous. For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship that might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation).

Finally, plaintiff's claims against the defendants who denied his grievances are not actionable. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). For these reasons, this action is subject to dismissal under 28 U.S.C. § 1915(e).

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned.** *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $21 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days of the date of this Order.

Dated this 13th day of February, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).