UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEMETRIUS TAYLOR, )
)
    Plaintiff, )
)
v. ) No. 4:17-CV-279 RLW
)
CINDY GRIFFITH, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's first amended complaint. Upon review, the Court finds that complaint must be dismissed in part.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff is incarcerated at Potosi Correctional Center ("PCC"). He brings this action against Cindy Griffith, Warden; Travis Crews, Assistant Warden; Shawn Jenkins, Corrections Officer; and Shane Pashia Caseworker.

On November 5, 2015, plaintiff declared that inmate Cory Rogers was his enemy. On November 12, 2015, defendants Jenkins and Pashia placed plaintiff in the same cell as Rogers, over plaintiff's protestations and concerns for his safety. Plaintiff alleges that Rogers attacked him, and he says he suffered injuries to his neck and lower back. Plaintiff claims that defendants Griffith and Crews failed to properly supervise and train Jenkins and Pashia.

**Discussion**

The Court finds that process should issue on defendants Jenkins and Pashia. However, plaintiff's claims against Griffith and Crews are wholly conclusory and fail to allege facts, which if proved would entitle him to relief. As a result, plaintiff's claims against Griffith and Crews are dismissed.

Furthermore, plaintiff sues defendants in both their individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities, and plaintiff's official-capacity claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Shawn Jenkins and Shane Pashia.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Cindy Griffith and Travis Crews are **DISMISSED.**

An Order of Partial Dismissal will be filed separately.

Dated this 15th day of March, 2017.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE