# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-279 RLW |
| ) | |
| CINDY GRIFFITH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Shawn Jenkins and Shane Pashia's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] The matter is fully briefed and ready for decision. For the following reasons, the Court will deny defendants' motion.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.

---

[1] The Court has previously granted plaintiff in forma pauperis status. *See* Doc. 7. The Court dismissed plaintiff's claims against defendants Cindy Griffith and Travis Crews on initial review under 28 U.S.C. § 1915(e), and directed the Clerk to serve process on defendants Shawn Jenkins and Shane Pashia. *See* Doc. 9.

*Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. *See also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## Background

Plaintiff is an inmate at Potosi Correctional Center ("PCC") in Mineral Point, Missouri. He brings this 42 U.S.C. § 1983 action against defendants Shawn Jenkins, a Corrections Officer at PCC, and Shane Pashia, a Caseworker at PCC. He alleges defendants violated his Eighth Amendment rights by their deliberate indifference to his safety.

On November 5, 2015, plaintiff had a fight with his cellmate, Cory Rogers ("Rogers"). Plaintiff alerted the guards, and requested to be placed in protective custody because he was fearful for his life. Plaintiff was separated from Rogers, and placed in protective custody.

On November 12, 2015, defendants Jenkins and Pashia informed plaintiff that he would be moving back to Rogers' cell. Plaintiff states that he "repeatedly informed defendant Jenkins and defendant Pashia that he feared for his life and physical safety if placed in the same cell with Cory Rogers." Plaintiff states defendant Jenkins verbally threatened him, stating that Jenkins and Pashia would force plaintiff into the cell if he did not comply with the order. Plaintiff states he entered Rogers' cell under force and was again attacked by Rogers. Plaintiff suffered injuries to his neck and lower back, which caused him severe pain and restricted his mobility. For relief, plaintiff seeks compensatory, special, and punitive damages.

Defendants have filed a motion to dismiss, stating that plaintiff has failed to allege facts in support of the elements of a cause of action; defendants have qualified immunity; and plaintiff's claims are moot.

2

## Discussion

A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825 (1994). "In particular . . . 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Id.* at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 588 (1st Cir 1988)). While prison conditions may be harsh, "gratuitously allowing the beating . . . of one prisoner by another serves no legitimate penological objective." *Id.* (internal quotation omitted). A prison official violates the Eighth Amendment only when two requirements are met: the deprivation alleged must be objectively "sufficiently serious," and the prison official must have "deliberate indifference" to inmate health or safety. *Id.* at 834.

Plaintiff has alleged "actionable inmate-endangering conduct," and the Court will deny defendants' motion to dismiss. *See Irving v. Dormire*, 519 F.3d 441, 447 (8th Cir. 2009). Plaintiff alleges defendants forced him into the cell with his enemy Rogers, knowing that plaintiff had been intentionally separated from Rogers for fear of his life. Plaintiff states he "repeatedly informed" defendants that he feared for his life if placed in the cell with Rogers. Plaintiff alleges defendants physically forced him into the cell, where he was attacked by Rogers. Defendants not only failed to take reasonable measures to guarantee plaintiff's safety as required by the Eighth Amendment, they intentionally put him in danger. *See Id.* at 447-48 (8th Cir. 2009). As the Eighth Circuit stated in *Irving*, "[the prison officials] themselves were a large part of the conditions posing a substantial risk of serious harm" to plaintiff. *Id.* (quoting *Farmer*, 511 U.S. at 834. The Eighth Circuit has consistently upheld the denial of qualified immunity to

3

guards who ignored an inmate's request to be protected from a cellmate, who later attacked them. *See Irving*, 519 F.3d at 447-48 (citing cases).

In their motion, defendants argue that they did not know of the potential risk to plaintiff, so they cannot be found to have disregarded that risk. Defendants state that before placing plaintiff back in Rogers' cell, they asked him if he and Rogers were enemies. Defendants state that plaintiff responded, "No, let's do this." Plaintiff denies making this statement.

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. *See Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Plaintiff alleges he repeatedly told defendants he feared for his life if placed in Rogers' cell, that he was threatened with force if he did not comply with the order to enter the cell, that he entered the cell under defendants' force, and was subsequently attacked by Rogers. The attack injured his neck and lower back. Here, plaintiff's complaint presents an actionable Eighth Amendment claim. Plaintiff has alleged facts showing defendants knew that plaintiff faced a substantial risk of serious harm if placed in Rogers' cell, and they disregarded that risk by placing him in the cell.

Finally, defendants state plaintiff's claim is moot because plaintiff was subsequently removed from Rogers' cell. While this remedial action might moot injunctive relief, plaintiff is not seeking injunctive relief. Plaintiff is seeking damages arising out of defendants' Eighth Amendment violations. His action for damages cannot be rendered moot simply because defendants have since removed him from the dangerous situation.[2]

Accordingly,

---

[2] In their motion to dismiss, defendants respond to plaintiff's "potential claims" of state law assault and battery. Plaintiff's amended complaint has been brought pursuant to 42 U.S.C. § 1983, and does not assert state law claims for assault and battery. The Court will not address defendants' motion on this point.

4

**IT IS HEREBY ORDERED** that defendants Shawn Jenkins and Shane Pashia's motion to dismiss is **DENIED**. [Doc. 14]

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2017.