UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-279 RLW |
| | ) |
| v. | ) |
| | ) |
| SHAWN JENKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 35). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Demetrius Taylor, #368339 ("Taylor" or "Plaintiff"), has been incarcerated as an inmate at the Potosi Correctional Center ("PCC"), a Missouri State prison located in Mineral Point, Missouri. (Defendants' Statement of Uncontroverted Material Facts ("DSUMF"), ECF No. 36, ¶1). On November 5, 2015, Taylor stated to staff that he was in fear of his life from Inmate Corey Rogers, Inmate Number 522621 (hereinafter "Inmate Rogers"). *See* Temporary Administrative Segregation Confinement order, ECF No. 41-1. On November 12, 2015, Officer Jenkins was instructed to move Taylor out of a single-man cell in the B-Wing of the prison housing unit into another prison cell in the C-Wing of the housing unit. (DSUMF, ¶¶2-3). Taylor objected to moving out of his single cell because he wanted protection from other inmates. (DSUMF, ¶4). Officer Jenkins learned that Taylor would be cellmates with Inmate Rogers before Officer Jenkins took Taylor into Cell No. 2-C-25. (DSUMF, ¶5). Taylor waited on the restraint bench in the B-Wing of the housing until while Officer Jenkins checked with the

prison "bed broker" to determine whether Inmate Rogers had been identified as one of Taylor's "enemies" on his "Enemies List," or whether any other reason existed that Taylor should not be placed in a cell with Inmate Rogers. (DSUMF, ¶6). Inmate Rogers was not one of the forty-five (45) inmates Taylor declared as his "enemy" as of November 12, 2015. (DSUMF, ¶7).[1] The prison "bed broker" confirmed that Taylor could be placed in a cell with Inmate Rogers. (DSUMF, ¶8). Officer Jenkins informed Taylor and Defendant Shane Pashia that Inmate Rogers was not on Plaintiff's enemies list and the two inmates could be in the same cell. (DSUMF, ¶9). Officer Jenkins escorted Taylor from the B-Wing to the C-Wing and placed Taylor into Cell No. 2-C-25 with Inmate Rogers. (DSUMF, ¶10). Officer Jenkins was never informed of any fight or conflict between Taylor and Inmate Corey Rogers prior to placing them together in Cell No. 2-C-25. (DSUMF, ¶11). Taylor admitted that he did not submit to Officers Jenkins or Pashia the documents necessary for designating Inmate Rogers as an enemy prior to November 12, 2015

---

[1] Defendants also come forward with the unauthenticated list of Taylor's purported "declared enemies." (DSUMF, ¶7 ("As of November 12, 2015, Plaintiff had designated more than forty-five (45) inmates as his declared 'enemy'; yet, Inmate Corey Rogers was not among the inmates who had been declared as one of Plaintiff's enemies. (Plaintiff's Enemies List, Exh. D)."; ECF No. 36-4). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition[.]" *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (internal quotations omitted); *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 825–26 (8th Cir. 2009); *see Casey v. Riedel*, 195 F. Supp. 2d 1122, 1133 (S.D. Iowa 2002) (letter draft was deemed insufficient to support Defendants' Motion because the draft was not attached to a proper affidavit). The Court cannot consider the unauthenticated document in support of Defendants' Motion for Summary Judgment. *See Watkins v. Perkins*, 618 F. App'x 299, (Mem)–300 (8th Cir. 2015) (reversing the district court's grant of summary judgment in a §1983 action, where the court considered the "officers' unauthenticated and unsigned memoranda, as well as the other unauthenticated documents they offered, although those materials would not be admissible in evidence"). Therefore, the Court does not consider Taylor's purported enemy list (ECF No. 36-4) in support of Defendants' Motion for Summary Judgment.

(DSUMF, ¶12), but Taylor claims he told Defendants his documents were with his personal legal papers (ECF No. 39 at 3, ¶12; ECF No. 41 at 4).[2]

The duress button inside Cell No. 2-C-25 was pressed one hour after Taylor was placed with Inmate Rogers. (DSUMF, ¶13). Officer Jenkins and other prison guards immediately responded. (DSUMF, ¶13). When he arrived at Cell No. 2-C-25, Officer Jenkins found Taylor and Inmate Rogers grappling with each other. (DSUMF, ¶14). The two inmates were separated by officers and taken to the medical unit for examination by prison nursing staff. (DSUMF, ¶15). Taylor walked without assistance and had no injuries, other than some scrapes, scratches, and back pain. (DSUMF, ¶16).

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law

---

[2] Taylor disputes Defendant Jenkins' assertion that Taylor agreed to be placed in a cell with Rogers on November 12, 2015. *See* 12/14/15 Memorandum ("Both offenders was [sic] then asked if they had any problems being cell mates together and their response was no they would cell with each other."); *cf.* ECF No. 39 at 5 (Taylor dismissing statement in the 12/14/15 Memorandum as an "absolute falsehood."). For purposes of summary judgment, the Court assumes Taylor did not agree to be placed with Rogers. *See Paikowsky v. Davidson Hotel Co. LLC*, No. 4:08CV783 TIA, 2010 WL 2628379, at *1 (E.D. Mo. June 25, 2010) (citing *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976)) ("The Court is required to resolve all conflicts of evidence in favor of the nonmoving party.").

determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

### B. Discussion

A prison official violates the eighth amendment if he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir.1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "To show deliberate indifference, the prisoner ... must prove both that the official's acts caused a sufficiently serious deprivation and that the official had a subjectively

culpable state of mind." *Perkins,* 161 F.3d at 1130. "With respect to the latter requirement, the prisoner ... must prove that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official drew that inference." *Id.* This subjective state of mind must be present before a plaintiff can be successful because "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Jensen v. Clarke,* 73 F.3d 808, 810 (8th Cir.1996) (quoting *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (internal quotation marks, emphasis, and citations omitted in *Jensen* )); *Blades v. Schuetzle,* 302 F.3d 801, 803 (8th Cir. 2002). The Court holds that no genuine issues of material facts exist regarding whether Defendants Jenkins or Pashia knew of any substantial risk that Taylor and Inmate Rogers would engage in violence and grants summary judgment in favor of Defendants.

In support of his position, Taylor has come forward with his Temporary Administrative Segregation Confinement Form, dated November 5, 2015, which reported Taylor was placed in "PC [protective custody] status after stating to staff he was in fear for his life from Rogers, Cory [sic] #522621." (ECF No. 41-1). Likewise, Defendant Jenkins states in a State of Missouri Department of Corrections Potosi Correctional Center Memorandum, dated December 14, 2015, that, on November 12, 2015, "Offender Taylor, Demetrius #368339 was assigned to cell 2-C-25 by the bed broker, offender advised he could not cell in that cell due to an enemy." (hereinafter referred to as "12/14/15 Memorandum"; ECF No. 36-3). Thus, the Court is presented with two documented instances where Taylor informed Potosi Correctional Center officials (including Defendant Jenkins) that Offender Rogers was Taylor's enemy.

Nevertheless, this Court finds that Defendants did not draw an inference that there was a substantial risk that Taylor and Rogers would engage in violence. Defendants were unaware that

Taylor had declared Rogers as his enemy as of the November 12, 2015 incident. Defendants relied on the statement of an unnamed "bed broker" who allegedly advised Defendant Jenkins that Rogers was not listed as one of Taylor's enemies. (DSUMF, ¶8 ("The prison 'bed broker' accordingly confirmed for Officer Jenkins that Inmate Corey Rogers had not been designated as an enemy of Plaintiff and that Plaintiff could be placed in a cell with Inmate Corey Rogers.")). Taylor complains that the "'bed broker' who allegedly told the Defendants that Plaintiff and Rogers were not enemies is not even named. (There is no affidavit from this mystery 'bed broker' attesting to what the Defendants allege.)" (ECF No. 39 at 7).[3] Taylor further contends Defendants could not rely on what an unnamed "bed broker" told them about Taylor's enemies, and "[t]his unsupported, self-serving contention warrants no serious consideration by the Court." (ECF No. 39 at 7).[4]

The Court, however, holds that Defendants have adequately supported their Motion for Summary Judgment, and the undisputed material facts show Defendants' did not violate Taylor's Eighth Amendment Constitutional rights. Affidavits in support of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4). "When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citing *Pink Supply Corp. v. Hiebert, Inc.*, 788 F.2d 1313, 1319 (8th Cir.1986)). Here, Defendant

---

[3] Taylor, however, admitted in his deposition that the bed broker assigns inmates to their cells. *See* ECF No. 36-1 at 54.

[4] Taylor notes that Defendants provided no affidavit from the "bed broker." (ECF No. 39 at 7).

Jenkins identifies the "bed broker" for Jenkins' averral that Taylor had not named Rogers as an enemy and, therefore, they could be celled together.

The Court recognizes that there is an unbriefed issue regarding whether the "bed broker's" purported statement constitutes hearsay. "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). One well recognized exception to the hearsay rule is found in Rule 803(3), which excepts from the hearsay rule any "statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." "The state of mind at issue is the *declarant's,* not the testifying witness's." *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.,* 933 F. Supp. 2d 1111, 1132 (N.D. Iowa 2013) (citing *First Nat'l Bank in Sioux Falls v. First Nat'l Bank South Dakota,* 679 F.3d 763, 768 (8th Cir. 2012)). "However, such statements may also be admissible because they show the effect of the out-of-court statements on the listener." *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.,* 933 F. Supp. 2d 1111, 1132 (N.D. Iowa 2013); *D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60,* 647 F.3d 754, 763 (8th Cir. 2011); *Curtis Lumber Co. v. Louisiana Pac. Corp.,* 618 F.3d 762, 783, n.18 (8th Cir. 2010) ("the customers' statements are offered to show the effect of the out-of-court statements on the listener (Curtis Lumber) and thus, they are not hearsay"). *See United States v. Cline,* 570 F.2d 731, 734 (8th Cir.1978) (statements are non-hearsay when used to show the listener's state of mind); *United States v. Herrera,* 600 F.2d 502, 504 (5th Cir.1979) (statements are non-hearsay when used to show listener's duress).

Here, Defendants rely on the bed broker's determination that Rogers' name was absent from Taylor's enemy list not for the truth of the matter asserted but for its purported effect on Defendants Jenkins and Pashia. As a result, the Court holds that the bed broker's statement that Rogers was not on Taylor's enemy list is a non-hearsay statement because it was used for its effect on the listeners (Defendants), not for the truth of the matter asserted. *See Curtis Lumber Co.*, 618 F.3d at 783, n.18. Thus, the Court can consider the bed broker's statement to Defendant Jenkins and the effect the bed broker's statement had on Jenkins.

Having found that the Court can consider the bed broker's statement to Defendant Jenkins that Rogers was not a listed enemy of Taylor, the only remaining issue before the Court is whether Defendants properly relied on the bed broker's statement without performing any independent investigation. Taylor avers that "Defendants had a duty to investigate Plaintiff's assertions that there existed a serious threat of substantial harm between him and Rogers." (ECF No. 39 at 6). As previously stated, Taylor admits that the bed broker was the person in charge of assigning cell mates. *See* ECF No. 36-1 at 54. Taylor has not identified any duty for Defendants to perform an independent investigation outside of consulting with the bed broker. Taylor fails to establish that Defendant Jenkins improperly relied on the bed broker's determination that it was safe for Taylor and Rogers to reside together.[5]

The Court holds that Defendants were not deliberately indifferent to a substantial risk of harm to Taylor by placing him in the cell with Rogers. The Court grants summary judgment in favor of Defendants because the undisputed facts establish that Defendants did not believe a substantial risk of serious harm would befall Taylor and, therefore, did not intentionally deprive Taylor of his Constitutional rights. At most, the Court holds Defendants' reliance on the bed

---

[5] Whether it was negligent for Defendants to simply consult with the "bed broker" or if that was the proper method of determining if a serious threat to Taylor existed is not before this Court.

brokers' statement was arguably negligent, but not constitutionally deficient. *See Davis v. Oregon Cty., Missouri*, 607 F.3d 543, 549 (8th Cir. 2010) (quoting *Norman v. Schuetzle*, 585 F.3d 1097, 1104 (8th Cir. 2009) ("An official's negligence alone is insufficient to meet the subjective component because 'the official must recklessly disregard a known, excessive risk of serious harm to the inmate.'"); *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (citing *Farmer v. Brennan,* 511 U.S. 825, 832, 835, 839-40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Summary Judgment (ECF No. 35) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 4th day of March, 2019.

*Ronnie L. White* (signature)
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**